FOURNET, Chief Justice
(dissenting).
In my dissenting opinion when this case was originally before us for consideration I called attention to the fact that this court, by its decree rendered February 27, 1957,[1] affirmed Order No. 6993 of the Louisiana Public Service Commission issued June 30, 1956, which directed the Southern Bell Telephone and Telegraph Company to “reduce its annual gross intrastate operating revenues in the amount of $3,940,000,” by cutting the cost of all its intrastate toll rates by 20% and reducing its pay station calls to 5‡, and that in carrying out this order, the company had, indeed, reduced its annual gross intrastate operating revenues in excess of the $3,940,000 so ordered.
I accordingly expressed the opinion that the trial judge had properly decreed the nullity of Order No. 8190 of the Commission whereby it sought to extend the effect of its Order No. 6993 to include all intrastate calls handled with the several independent telephone companies within Louisiana operating under contracts with Southern Bell Telephone and Telegraph Company, and to thereby compel the company to reduce its annual gross intrastate operating revenues still further in excess of the $3,-940,000 reduction originally ordered, despite the fact these independent companies had not been made parties to the proceedings either before the Commission when it was considering the issuance of Order No. 6993, in the previous court case, or in the instant litigation, clearly evidencing the fact that the Commission never intended to have the intrastate calls handled by such independent companies brought within the purview of Order No. 6993, and, indeed, that such order could not affect or be binding on these independent companies.
This was readily admitted by counsel for the Commission in oral argument, as he conceded these companies, if and when reimbursed by Southern Bell Telephone Company 20% of the amount of all intrastate calls handled by them under their contract, as is being ordered in the instant litigation, could-not be compelled by the Commission, or by any other department of the state or the company, to pass this reduction on to the subscribers who made these calls and paid the full amount therefor. In other words, the Commission is powerless to keep these independent companies from retaining this 20% reduction themselves after reimbursement by Southern Bell for the very simple reason that they were not parties to the proceedings and, therefore, not subject to the order of the commission rendered on June 30, 1956, i. e., Order No. 6993.
On this rehearing my views have not been changed. In fact, they have been strengthened, particularly when we consider the purpose of Order No. 6993 was to have the income of the Southern Bell *76 Telephone and Telegraph Company reduced by $3,940,000 annually to insure it a limited annual rate of return on its investment of 4.8%, which the commission, after hearings, felt was adequate and anything above that rate excessive. To allow, as is being done in the majority, the Commission to force the further reduction of the income of the company by extending Order No. 6993 to all intrastate calls handled by it with independent telephone companies under special contract is to compel Southern Bell to realize a return on its investment of even less than the 4.8% the Commission concluded in the previous hearings under Order No. 6993 was adequate.
The absurdity of such a conclusion is clearly evidenced by our findings in the subsequent case between the telephone company and the commission, decided on January 11, I960,[2] and which are to the effect that with the reduction ordered by the commission under Order No. 6993 and the annual reduction of $3,940,000, the return of the company had actually been reduced to 4.21% — not the 4.8%' asserted by the commission — an amount we found to be so inadequate as to be confiscatory inasmuch as the company must be given a fair rate of return on the property used and useful in the public service, and we, accordingly, there actually ordered the rates raised to guarantee an annual return in excess of the 4.8% the commission felt was adequate.
The decision of the majority being handed down here, as just pointed out, does not even permit Southern Bell to have a return of 4.8% during the intervening period between the two decisions, despite the fact that in the last decision we found such a return was confiscatory.
I must, therefore, respectfully dissent.

. 232 La. 446, 94 So.2d 43L

. 239 La. 175, 118 So.2d 372, 392. It is interesting to note that the Commission, at no time, sought to have its Order No. 6993 apply to the intrastate calls here involved until after the finality of the decision of this court in a subsequent case (March 21, 1960), wherein we found that the rate of return allowed Southern Bell was discriminatory and inadequate and ordered the Commission, upon remand, to “so adjust the rates that the end result will bo a return of not less than 6% on the property rate base * * *.» (¶]16 citation of this subsequent case is given above in this note.)